**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JOSE ISMAEL GARCIA-SORTO** | **CIVIL ACTION NO. 1:26-CV-01380 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **DEPT OF HOMELAND SECURITY ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Jose Ismael Garcia-Sorto ("Garcia-Sorto"). At the time of filing, Garcia-Soto was an immigration detainee at Alexandria Staging Facility in Alexandria, Louisiana. Garcia-Sorto seeks release from detention.

Because Garcia-Sorto is no longer detained, the Petition (Doc. 1) should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Background

Garcia-Sorto is a native and citizen of El Salvador who was ordered removed on May 28, 2015. Doc. 1 at 1.[1]

Garcia-Soto filed the Petition in the United States District Court for the District of Massachusetts. *Id.* Because Garcia-Soto was detained in Louisiana, the Petition was transferred to this Court. Doc. 9. Garcia-Soto's attorney is not admitted

[1] *See also* https://acis.eoir.justice.gov/en/caseInformation

to practice in this Court. Therefore, it was ordered that she file an application to practice or motion for pro hac vice admission or secure substitute counsel. Doc. 11. The deadline within which to comply has passed without compliance. *Id.*

According to the online detainee locator service, Garcia-Sorto is no longer detained.[2] Court staff has confirmed with the Government that Garcia-Sorto was released from custody.

## II. <u>Law and Analysis</u>

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id*. Therefore, throughout the litigation, the petitioner

---

[2] https://locator.ice.gov/odls/#/results

"must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Garcia-Sorto has been released from custody. Therefore, the case is moot.

## III. Conclusion

Because the case is moot, IT IS RECOMMENDED that the Petition (Doc. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 9th day of July, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE